**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JENE B. ELDER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE WORLDWIDE CORPORATION, a Delaware corporation; and HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>    Defendants. | COMPLAINT - CLASS ACTION<br><br>(JURY TRIAL DEMANDED)<br><br><br>CASE NO. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Jene B. Elder, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to all other matters:

## NATURE OF ACTION

1.    Plaintiff brings this action against Defendant Reliance Worldwide Corporation ("Reliance") and Home Depot U.S.A., Inc. ("Home Depot" and, collectively with Reliance, "Defendants") for their wrongful and deceptive practice of selling defective SharkBite Push-To-Connect Connector Hoses ("SharkBite

Hoses") whose internal rubber lining disintegrates after normal use, damaging home appliances, plumbing fixtures and, worse yet, contaminates drinking water.

2.      Defendant Reliance manufactures and distributes to retailers in the United States, including Home Depot, a series of plumbing products under the brand name "SharkBite" intended for use by both professional and laymen engaged in commercial or residential plumbing projects. SharkBite products provide a "Push-To-Connect" system that Reliance advertises as a quick and easy alternative to the more complicated process of fitting pipes through standard methods.

3.      Along with ease of use, Defendants represent SharkBite products will provide reliable, leak-free connections. Specifically, Defendants represent the SharkBite Hoses provide a reliable and easy to use method to connect the hot and cold water supplies of your water heater.

4.      Contrary to the representations of Defendants, they have been aware for years that the interior rubber lining used in the SharkBite Hoses is defective. Under normal use and conditions the rubber lining can disintegrate and travel through the consumer's plumbing system. A consumer's water heater is connected to a plumbing system that runs throughout the home or structure. Consequently, the residue resulting from disintegration of the SharkBite Hoses' rubber lining can travel throughout a home or structure damaging appliances, fixtures and contaminating

CLASS ACTION COMPLAINT

drinking water. Customers have witnessed black rubber flakes and sludge clogging sinks, showers and appliances.

5.      Reliance has responded to complaints from consumers regarding this dangerous defect by putting it back on them, telling consumers that the rubber lining's deterioration resulted from hard water or high levels of chlorine in the consumer's water supply. Instead of recognizing the defect, Defendants directed consumers to an alternate SharkBite product.

6.      Customers and users of the defective SharkBite Hoses paid a premium for the product based on Defendants' representation of reliability resulting from an extensive testing protocol and compliance with approved industry standards. The defect apparent from the SharkBite Hoses' propensity to disintegrate under normal use reveals these, and other, representations made by Defendants, to be either false, or representative of serious omissions.

7.      Upon information and belief, millions of SharkBite Hoses have been manufactured and sold throughout the United States by Defendants representing a serious danger to unsuspecting consumers.

8.      Accordingly, Plaintiff, on behalf of himself and similarly situated class members, seeks damages for Defendants' conduct with regard to the defect in the SharkBite Hoses as alleged in this complaint. Plaintiff would not have purchased the SharkBite Hoses, or would have paid less for it than he did, had he been advised of

the defect at the point of sale. Plaintiff and putative class members did not receive the benefit of their bargain.

9. Reliance made actionable statements that the SharkBite Hoses would be free from defect, and that the ordinary use would not involve undisclosed risks to consumers health, or risks to their appliances and fixtures, from rubber residue resulting from the disintegration of lining materials.

## JURISDICTION AND VENUE

10. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the proposed class is comprised of over 100 class members, because the claims of the members of the putative class exceeds $5 million in the aggregate, exclusive of interest and costs, and because at least one member of the proposed class is a citizen of a different state than Defendant.

11. Personal jurisdiction and venue are proper in Georgia and within this District because both Defendant Reliance and Defendant Home Depot maintain their corporate headquarters and principal places of business in this District.

## PARTIES

12. Plaintiff Jene B. Elder is a United States citizen and resident of Topeka, Kansas. During the replacement of his home's water heater Mr. Elder purchased and installed SharkBite Push-To-Connect Connector Hoses ("SharkBite Hoses").

13.    Defendant Reliance Worldwide Corporation ("Reliance") is a Delaware corporation with its principal place of business in Atlanta, Georgia. Reliance is a global provider of water control systems and plumbing solutions for domestic, commercial and industrial applications. Originally founded in Brisbane, Australia in 1949, Reliance boasts it is now a "powerful" family of brands with a reputation to match. Included in Reliance's family of brands is SharkBite, and the SharkBite branded push-to-connect hoses at issue in this litigation. SharkBite Hoses are sold throughout the United States, including in Georgia, through retailers such as Home Depot U.S.A., Inc.

14.    Defendant Home Depot U.S.A., Inc. is a Delaware Corporation with its principal place of business in Atlanta, Georgia. Home Depot is one of the largest home improvement retailers in the United States (including Georgia), supplying tools, construction products, and services, including the SharkBite Hoses at issue in the litigation.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## I.    THE SHARKBITE PUSH-TO-CONNECT HOSE.

15.    Defendant Reliance manufactures a line of plumbing products under the brand name "SharkBite" available for purchase in the United States and around the world. Included in its slate of products are the SharkBite Hoses, a "Push-to-Connect" braided stainless steel supply hose intended for use with a variety of

different pipe types and sold in various lengths and diameters. Part numbers for the SharkBite Hoses include: U3068FLEX12LF, U306FLEX15LF, U306FLEX218LF, U306FLEX24LF, U3088FLEX12LF, U3088FLEX15LF, U3088FLEX18LF, and U3088FLEX24LF. The SharkBite Hoses are used in residential and commercial applications to connect the hot and cold supply lines to the water heater. The SharkBite Hoses are marketed as the easiest way to install a water heater.

16.    Despite their differing lengths and diameters, the SharkBite Hoses are otherwise identical, and, Plaintiff alleges on information and belief, that they are made of the same materials at the same factory. The SharkBite Hoses consist of a braided stainless-steel hose that is knitted with Ethylene Propylene Diene Monomer ("EPDM"), a synthetic rubber. Reliance claims on its Sale & Specification Sheet that SharkBite Hoses can withstand temperatures of up to 200°F (93°C) and pressures of up to 200 psi.[1]

17.    SharkBite Hoses allow the installer to connect to copper, PEX, CPVC and PE-RT pipe eliminating the need for an additional transition fitting.

18.    SharkBite Hoses are sold through the United State by various retailers, including Home Depot.

---

[1] https://www.sharkbite.com/sites/g/files/rgohfh321/files/migrate/SB_BraidedFlex WaterHoseConnector_SpecSheet_1006151.pdf

CLASS ACTION COMPLAINT

19.    Home Depot prides itself on its customer service stating that "Along with our quality products, service, price and selection, we must go the extra mile to give customers knowledgeable advice about merchandise and to help them use those products to their maximum benefit."[2]

20.    SharkBite Hoses are sold by unit and contain no warnings limiting their use to any particular type of water condition.

## II.    RELIANCE MISLEADS CONSUMERS AND WARRANTS THAT ITS SHARKBITE HOSES ARE RELIABLE, SAFE AND CAN BE USED WITH ALL WATER HEATERS.

21.    Reliance markets its products through the internet, in print and through its own product labeling. The principal themes through all of Reliance's marketing materials are the ease of use, reliability, and compliance with all applicable safety standards.

22.    Reliance explains on its website that "Water heater systems are one of the most important components for providing comfort in homes."  That is why, Reliance, represents, that it is important to "give installers a complete range of solutions that provide the flexibility for completing almost any type of job with ***clean, leak-free connections***, regardless of the space."[3]

---

[2] https://corporate.homedepot.com/about/values

[3] https://www.sharkbite.com/applications/water-heater-solutions  (emphasis added)

CLASS ACTION COMPLAINT

23.    More than 1.3 million water heaters are connected using SharkBite each year, with one "SharkBite connection" made every second.[4]

24.    Reliance further states on its website:

> **Extreme levels of testing**
> Making the most reliable and robust products requires tough love and expert testing. ***At our state-of-the-art test labs products are subjected to months of repetitive and rigorous testing.*** Whether it's using specialist thermal ovens to test products in excess of 95°C, or using cycle rigs to blast them with 45 bar pressure for 1,000 hours, we certainly know how to put our products through their paces. ***RWC products are certified independently to meet the standards set for each country where we operate.*** So, we're supremely confident they fulfil our agenda to shape a better world, precisely and without compromise.[5]

25.    Reliance's website continues:

> **Supreme quality**
> Using strict quality control processes and sophisticated technology within each assembly unit, RWC measure dimensions and specification compliance, so that ***by the time products hit the shop floor they exceed industry standards***. It's this commitment to quality that has led to prestigious awards from many of the world's leading testing and approvals organisations.[6]

26.    The Sale & Specification Sheet further advertises the SharkBite Hoses

---

[4] https://www.sharkbite.com/applications/water-heater-solutions

[5] https://www.rwc.com/innovation/research-development  (emphasis added)

[6] https://www.rwc.com/innovation/research-development  (emphasis added)

are "Design certified and agency listed: Inspector friendly, peace of mind" and that "The SharkBite Water Heater Connectors are tested and listed to the ASME A112.18.6, NSF/ANSI 61, and NSF/ANSI 372 standards."[7]

## III.    SHARKBITE HOSES ARE DEFECTIVE AND DISINTEGRATE WITHIN A SHORT PERIOD AFTER INSTALL.

27.    In fact, the rubber Reliance used in the rubber knitted with stainless steel in the SharkBite Hoses is of inferior quality, prone to defect or not suitable for the purpose of connecting water lines to and from the water heater.

28.    Under normal use the rubber begins to disintegrate within only a few years. This can result in black rubber flakes and a sludge-like substance being circulated through plumbing lines, into the water heater or other appliances, and contaminating the water itself, including drinking water.

29.    Appliances, fixtures, or anything connected to the plumbing lines, can become damaged or destroyed. Further, presence of residue in the pipes can reduce water pressure and result in visible flakes or sludge water coming from faucets making that water unusable.

30.    Replacement and repair of the hoses connecting the water heater and other affected pieces of the plumbing system is necessary to fully correct the

---

[7]https://www.sharkbite.com/sites/g/files/rgohfh321/files/migrate/SB_BraidedFlex WaterHoseConnector_SpecSheet_1006151.pdf

problem.

## IV.    DEFENDANTS KNEW THAT SHARKBITE HOSES WERE DEFECTIVE DURING THE CLASS PERIOD.

31.    As early as 2016, Defendants received complaints that SharkBite Hoses were failing after only limited use.

32.    Reliance has received a flood of consumer complaints regarding SharkBite Hoses similar to the ones below. These complaints describe rubber deterioration that clogs the consumer's plumbing pipes with black flakes or sludge, and which could damage appliances that connect to water heaters, or pose a health risk to the consumer[8]:



_____

[8] https://www.sharkbite.com/products/stainless-steel-braided-flexible-water-heater-connector

CLASS ACTION COMPLAINT



**★☆☆☆☆ MitchA · 3 years ago**

**I bought two of these connectors to hook up my new water heater in February of 2015. I did not ha...**

I bought two of these connectors to hook up my new water heater in February of 2015. I did not have an issue with the product until this last week (July 2017) when we started noticing black flecks in our hot water. I went back to the reviews here on Home Depot and found individuals reporting the same issue so I decided to disconnect the water heater supply lines and investigate. What I found is that the line connected to the hot water side had started to deteriorate. Due to that I removed both lines and replaced with copper instead. I have never had any issues with the other Sharkbite fittings but I would not recommend these for a water heater install.

⊖ **No,** I do not recommend this product.

 Originally posted on homedepot.com

>  **Response from SharkBite Support:**
> · 3 years ago
> We apologize for the difficulty you have had with your SharkBite Water Heater Connectors, we have found that in certain areas of the country where the water is harder or contains a high chlorine content there have been instances that caused the rubber liner to disintegrate. We will be happy to send you a new Corrugated Water Heater Connector (these have no rubber liner and are Stainless Steel). Please contact our Customer Service department and we'd be happy to send you some new Connectors 1-877-700-4242.
>
> 

---



**★☆☆☆☆ regal · 4 years ago**

**rubber liner deteriorates**

In 2011 I installed these braided flex connectors from sharkbite; it was an easy install no leaks I was very happy, but after 2 years my faucets strainers were being clogged with small fragments of black rubber. I finally found the water heater was loaded with the rubber and found the rubber liner in the sharkbite flex line was deteriorating. I called Sharkbite and they said they changed the liners and if I bought new lines manufactured after 2011 that they would have the new liners. That was late 2013 or early 2014 and now here it is 2016 and the lines have deteriorated again. I don't recommend these and will not be suckered into them again.

⊕ **Pros:** Easy to Install, No Leaks
⊖ **Cons:** rubber liner deteriorates after about 2 years

⊖ **No,** I do not recommend this product.

 Originally posted on homedepot.com

>  **Response from SharkBite Support:**
> · 4 years ago
> We apologize for the difficulty you have had with your SharkBite Water Heater Connector, we have found that in certain areas of the country where the water is harder or contains a high chlorine content there have been instances that caused the rubber liner to disintegrate. In these cases, we can send you new flex hoses or we can send you our Corrugated Stainless Steel Connectors (these have no liner and are Stainless Steel). Please contact our Customer Service department and we'd be happy to send you some new Connectors 1-877-700-4242.
>
> 

33.    Similar customer complaints are also posted on Home Depot's website[9]:





[9] https://www.homedepot.com/p/SharkBite-3-4-in-Push-to-Connect-x-3-4-in-Push-to-Connect-x-18-in-Braided-Stainless-Steel-Supply-Hose-U3016FLEX18LF/202812120

CLASS ACTION COMPLAINT

34.    In response, Reliance has put it back on the consumer claiming that it is a result of the consumer's hard water or its high chlorine content. Rather than recognize the defect Reliance directs customers to replace the SharkBite Hoses with its alternate product constructed without the use of a rubber liner. Reliance nevertheless asserts that it manufactures SharkBite Hoses with the "highest quality rubber in the industry."

35.    Upon information and belief, this representation is false. Reliance does not manufacture the SharkBite Hoses with the "highest quality rubber in the industry" as it represents on its website or it would not recommend an alternate product that excludes its rubber liner to aggrieved consumers.

**V.    DEFENDANTS CONTINUE TO SELL THE DEFECTIVE SHARKBITE HOSES AND DO NOT WARN CONSUMERS ABOUT THE DEFECT OR LIMITATIONS OF USE.**

36.    Defendants have failed to recall SharkBite Hoses or suspend their sale even after they received notice from consumers of the defect. Further, Reliance continues to represent that SharkBite Hoses are safe and reliable.

37.    Defendants provide no warning, on the packing, their website, or otherwise, regarding the use and quality of SharkBite Hoses.

38.    Rather, Reliance responds to consumer complaints by asserting that customer have poor water quality, hard water, or high chlorine content affecting

performance of the SharkBite Hoses. Despite this being a common complaint, Defendants make no effort to prophylactically warn consumers of potential issues.

39.     A different product design is available. In fact, Reliance's common response to consumer complaints is to direct them to use its alternate corrugated stainless-steel hoses as a replacement as indicated in the above examples of consumer complaints and Reliance's responses.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

40.     Plaintiff Jene B. Elder resides in Topeka, Kansas. On April 9, 2018, Mr. Elder purchased SharkBite Hoses at Home Depot and installed the SharkBite Hoses in his home as a supply line in and out of his water heater during his water heater replacement.

41.     Recently, Mr. Elder had to remove and clean three shower heads, four sink aerators, his Sloan Flushmate toilets, and other lines connecting to the SharkBite Hoses, a process which Mr. Elder was forced to devote approximately ten hours to. Mr. Elder found a black rubber compound clogging each of these items. A professional plumber is needed to dismantle and install a new hose connector system due to the extensive damage.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action on behalf of themselves and others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action

satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. Rule 23(b)(1) and (3) authorize the maintenance of this suit by class action.  The "Class Period" begins four years prior to the date of filing of this action and continues until the date of any order granting class certification.

43.    The proposed nationwide class, defined as the "Class," is comprised of as follows:

> All individuals and entities in the United States who own a structure where SharkBite Hoses were installed during the Class Period.

44.    Plaintiff also alleges a Georgia subclass on behalf of himself and all others similarly situated (the "Georgia Subclass").

45.    Plaintiff further alleges a subclass, defined as the Home Depot Purchaser Subclass, comprised of as follows:

> All individuals and entities in the United States who purchased SharkBite Hoses from Home Depot during the Class Period.

46.    Plaintiff reserves the right to modify or amend the definition of the proposed Class or Subclasses before the Court determines whether certification is appropriate.

47.    Excluded from the Class and Subclasses are the Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which the

CLASS ACTION COMPLAINT

Defendants have a controlling interest, all customers who make a timely election to be excluded, governmental entities, counsel for the parties, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

48.    The members of each of the Class and Subclasses are so numerous that joinder is impractical.  On information and belief, each of the Class and Subclasses consists of millions of members, the identities of whom are within the knowledge of Defendants and can be ascertained only by resort to Defendants' records.

49.    There are numerous questions of law and fact common to the Class and Subclasses and those common questions predominate over any questions affecting only individual members of the Class and Subclasses. Among the questions of law and fact common to the Class and Subclasses are:

a.    Whether SharkBite Hoses suffer from a design defect in that the material selected for the rubber lining deteriorates prematurely;

b.    Whether Defendants knew or should have known about the SharkBite Hoses' defect, and, if so, how long Defendants have known of the defect;

c.    Whether the defective nature of the SharkBite Hoses constitutes a material fact reasonable consumers would have

considered in deciding whether to purchase the SharkBite Hoses;

d.      Whether Defendants had a duty to disclose the defective nature of the SharkBite Hoses to Plaintiff and members of the Class and Subclasses;

e.      Whether Defendants omitted and failed to disclose material facts about the SharkBite Hoses;

f.      Whether Defendants negligently misrepresented that the SharkBite Hoses were safe;

g.      Whether Defendants engaged in unfair, deceptive, unlawful and/or fraudulent acts or practices in trade or commerce by objectively misleading Plaintiff and members of the putative Class and Subclasses;

h.      Whether Defendants' conduct, as alleged herein, was likely to mislead a reasonable consumer;

i.      Whether Plaintiff and Class members are entitled to a declaratory judgment stating that the SharkBite Hoses are defective and/or not merchantable;

j.      Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and the Class and Subclasses; and

k.     Whether Plaintiff and members of the Class and Subclasses are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

50.    With respect to members of the Class and Subclasses, the claims of the representative Plaintiff are typical of the claims of the Class and Subclasses in that the representative Plaintiff, like all the members of the Class and Subclasses, owned a structure in which SharkBite Hoses were installed. The SharkBite Hoses failed at their intended and advertised purpose despite warranties made by Defendants causing damage to Plaintiff. Plaintiff has no interests antagonistic to the interests of any other member of either the Class or Subclasses.

51.    Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of consumer class actions.   Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class and Subclasses.

52.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual claim is small relative to the complexity of the litigation, and due to the enormity of the financial resources of Defendants, no member of either of the Class or Subclasses could afford to seek legal redress individually for the claims alleged herein.

Therefore, absent a class action, members of the Class and Subclasses would lose their rights by attrition.

53.    Even if members of the Class or Subclasses could afford such individual litigation, the court system could not. Given the complex nature of the issues involved in this action, individualized litigation would significantly delay and cause expense to all parties and the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### NEGLIGENCE – FAILURE TO WARN
### (By Plaintiff Individually and On Behalf of the Class)

54.    Plaintiff repeats and incorporates herein all allegations from paragraphs 1-53 above.

55.    Plaintiff brings this claim on behalf of the Class against Defendants.

56.    Defendants owed a duty of care to the Plaintiff and Class members to give appropriate warnings about all dangers associated with the intended use of the SharkBite Hoses.

CLASS ACTION COMPLAINT

57.    By at least 2016, Defendants were aware or should have been aware of the SharkBite Hoses' premature deterioration of the rubber lining. Certainly, after receiving, directly or indirectly, hundreds of complaints of rubber pieces discharging into sinks, bathtubs, showers, or other appliances connected to a water heater, a duty arose to provide a warning to consumers that use of the SharkBite Hoses could result in damage to hot water heaters or appliances that use hot water, or could pose a health and safety risk to a consumer.

58.    Defendants were under a continuing duty to warn and instruct the intended and foreseeable users of the SharkBite Hoses, including Plaintiff and Class members, of the defective condition of the SharkBite Hoses and the risks associated with using the SharkBite Hoses. Plaintiff was entitled to know that the SharkBite Hoses, in their ordinary use, were not reasonably safe for their intended and ordinary purpose and use.

59.    Defendants were negligent and breached their duty of care by negligently failing to give adequate warnings to purchasers and users of the SharkBite Hoses, including Plaintiff and Class members, about the risks, potential dangers and defective condition of the SharkBite Hoses—including that the SharkBite Hoses may be susceptible to premature deterioration of the rubber lining—after Defendants knew, or by the exercise of reasonable care, should have

known of the inherent design defects and resulting dangers associated with the SharkBite Hoses.

60.    As described herein, Defendants knew that Plaintiff and Class members could not reasonably be aware of those risks.

61.    As a direct and proximate result of Defendants' failure to adequately warn consumers about risks associated with use of the SharkBite Hoses, Plaintiff and the Class have suffered damages as set forth herein.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – DESIGN DEFECT
### (By Plaintiff Individually and On Behalf of the Class)

61.    Plaintiff repeats and incorporates herein all allegations from paragraphs 1-53 above.

62.    Plaintiff brings this claim on behalf of the Class against Defendants.

63.    Defendants are designers, developers, manufacturers, sellers, and/or distributors of the SharkBite Hose.

64.    As alleged herein, SharkBite Hoses has a design defect which results in premature deterioration of the rubber lining.

65.    These unreasonably dangerous defects were present in SharkBite Hoses when they were placed into the stream of commerce by Defendants.

66.    SharkBite Hoses did not undergo material change or alteration up to and including the time of use by Plaintiff and Class members. Further, the SharkBite

Hoses were used as intended or in a reasonably foreseeable manner by Plaintiff and Class members.

67.     Defendants' defective SharkBite Hoses caused harm to Plaintiff and Class members, as described herein, for which Plaintiff and Class members are entitled to recover damages to be determined at trial.

### THIRD CLAIM FOR RELIEF
### STRICT LIABILITY – FAILURE TO WARN
### (By Plaintiff Individually and on Behalf of the Class)

68.     Plaintiff repeats and incorporates herein all allegations from paragraphs 1-53 above.

69.     Plaintiff brings this claim on behalf of the Class against Defendants.

70.     Defendants are designers, developers, manufacturers, sellers, and/or distributors of the SharkBite Hose.

71.     As alleged herein, SharkBite Hoses have a design defect which results in premature deterioration of the rubber lining.

72.     These unreasonably dangerous defects were present in the SharkBite Hoses when they were placed into the stream of commerce by Defendants.

73.     SharkBite Hoses did not undergo material change or alteration up to and including the time of use by Plaintiff and Class members. Further, the SharkBite Hoses were used as intended or in a reasonably foreseeable manner by Plaintiff and Class members.

74.    The foreseeable risks of harm from SharkBite Hoses could have been reduced or avoided if Defendants had provided reasonable instructions or warnings, at least as of 2016 when they knew or should have known that SharkBite Hoses were defective and unreasonably dangerous.

75.    The failure of Defendants to provide reasonable instructions or warnings made the SharkBite Hoses defective and unreasonably dangerous.

76.    Defendants' failure to warn of the defective SharkBite Hoses caused harm to Plaintiff and Class members, as described herein, for which Plaintiff and Class members are entitled to recover damages to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (By Plaintiff Individually and on Behalf of The Class)

77.    Plaintiff repeats and incorporates herein all allegations from paragraphs 1-53 above.

78.    Plaintiff, on behalf of himself and the members of the Class, assert a common law claim for unjust enrichment.

79.    Defendants' unlawful, unfair, deceptive, and wrongful acts and omissions, unjustly enriched Defendants at the expense of Plaintiff and the Class.

80.    Plaintiff and the Class paid a premium for SharkBite Hoses which were unfit for their ordinary use.

CLASS ACTION COMPLAINT

81.     Plaintiff and Class members conferred a benefit on Defendants through payment for the misrepresented and defective SharkBite Hoses.

82.     Defendants' retention of the benefit conferred as a result of its unlawful acts was inequitable and unjust.

83.     Plaintiff and members of the Class have no adequate remedy at law.

84.     Plaintiff and members of the Class are entitled to seek restitution and other relief from Defendants, including an order requiring Defendants to disgorge all profits, benefits, and other compensation obtained by Defendants through and for its wrongful conduct.

**FIFTH CAUSE OF ACTION**
**BREACH OF COMMON LAW IMPLIED WARRANTIES**
**(By Plaintiff Individually and on Behalf of the Home Depot Purchaser Subclass)**

85.     Plaintiff repeats and incorporates herein all allegations from paragraphs 1-53 above.

86.     Plaintiff brings this claim on behalf of the Home Depot Purchaser Subclass against Home Depot.

87.     Home Depot sold the SharkBite Hoses to Plaintiff and Home Depot Purchaser Subclass members.

88.     Home Depot impliedly warranted to Plaintiff and Home Depot Purchaser Subclass members that the SharkBite Hoses was of merchantable quality

and reasonably fit for the intended purpose and use of connecting water lines.

89.    Home Depot impliedly warranted to Plaintiff and Home Depot Purchaser Subclass members that the SharkBite Hoses were not reasonably fit for the specific purpose for which Home Depot knowingly sold the SharkBite Hoses, namely, for connecting water lines, and for which, in reliance on the judgment of Home Depot, Plaintiff and Home Depot Purchaser Subclass members bought the SharkBite Hose.

90.    Defendants breached these implied warranties by selling SharkBite Hoses with a design defect which results in premature deterioration of the rubber lining.

91.    As a direct and proximate result of Defendants' breach of warranty, the defective SharkBite Hoses caused harm to Plaintiff and the Home Depot Purchaser Subclass members, as described herein, for which Plaintiff and Home Depot Purchaser.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class and Subclasses, demand a jury trial on all claims so triable and judgment as follows:

A.    Certifying the Class and Subclasses pursuant to Federal Rule of Civil Procedure 23;

B.    Enjoining Defendants from continuing the unfair business practices alleged herein;

C.    Awarding actual damages in amounts according to proof;

D.    Awarding punitive and exemplary damages;

E.    Awarding pre-judgment interest at the maximum rates permitted by applicable law;

F.    Awarding costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

G.    Awarding such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the Class and Subclasses, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated:  April 13, 2020                Respectfully submitted,

By: s/ *Andrea S. Hirsch*
    Andrea S. Hirsch

**The Hirsch Law Firm**
Andrea Hirsch (GA Bar No. 666557)
andrea@thehirschlawfirm.com
230 Peachtree Street, Suite 2260
Atlanta, Georgia 30303
Telephone: 404-487-6552
Facsimile: 678-541-9356

**AHDOOT & WOLFSON, PC**
Tina Wolfson*
twolfson@ahdootwolfson.com
10728 Lindbrook Drive

CLASS ACTION COMPLAINT

Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

\* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative
Classes*

CLASS ACTION COMPLAINT