UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENE B. ELDER, *et al.* individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RELIANCE WORLDWIDE CORPORATION, a Delaware Corporation and HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>Defendants. | CASE NO.: 1:20-CV-01596-AT<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>The Honorable Amy Totenberg |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Settlement (the "Motion") (Dkt. 156.) Plaintiffs Clark Moore, Jimmy Wadlington, John Choate, Randy Marquardt, Jene Elder, Warren Kuiper, and Kristen Montag ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendants Reliance Worldwide Corporation ("RWC") and Home Depot USA, Inc. ("Home Depot") (collectively, "Defendants") entered into an Amended Class Action Settlement Agreement and Release ("Settlement") that, if approved, resolves this litigation. (Dkt. 147.) The proposed Settlement Class is defined as a

nationwide class of all persons and entities who purchased for direct consumption or use and not for resale, a Water Heater Connector or who own, owned, lease or leased, a residence or other structure located in the United States during the time that such residence or structure contained a Water Heater Connector. "Water Heater Connector" means a braided stainless steel supply line containing an EPDM hose liner distributed by RWC and identified by Part Numbers beginning with "U3068FLEX" or "U3088FLEX". Excluded from the Class are: anyone who has already resolved their Water Heater Connector claims with any Released Party through settlement or final judgment; the Defendants and their affiliates, but not their individual employees; anyone who purchased a Water Heater Connector solely for resale; anyone who already received a refund and/or replacement for their purchase; the presiding District Judge in this action and her immediate family; and anyone who timely opts out.

On April 23, 2024, the Court granted preliminary approval of the Settlement, directed notice to the Class, and scheduled a Final Approval Hearing for October 21, 2024. (Dkt. 149.) Notice was sent to the Class via the Court-approved notice program. In sum, direct email notice and/or postcard notice was delivered to 1,737,206 of the 1,756,855 unique Class Members who were identified by Home Depot. ECF No. 158, ¶ 17. Direct email notice was initially sent on May 23, 2024, to 4,450,900 email addresses identified for potential Class Members provided by Home Depot. *See* ECF No. 156-1, ¶ 11. Postcard notice was sent on May 23, 2024,

to an additional 164,227 physical addresses of identified potential Class Members for whom no email address was available, followed by postcard notice on July 19, 2024, to an additional 104,538 potential Class Members whose emails were returned as undeliverable. *Id*. at ¶ 13. A second reminder email was sent to 3,234,932 potential Class Members on July 19, 2024. *Id*. at ¶ 23. Additional notice was provided through targeted ads on social media (*Google Display Network*, *Facebook*, and *Instagram*). A website, [https://connector-settlement.com,](https://connector-settlement.com,) was set up for Class Members to submit online claims and obtain information about the Settlement. Epiq, the settlement administrator, fielded over 1,370 calls and over 133,469 individuals visited the Settlement website. ECF No. 158, ¶¶ 18, 19.

At the close of the Claims Period, *i.e.*, August 21, 2024, the settlement administrator had received 12,308 Claim Forms (11,945 online and 363 paper). ECF No. 158, ¶ 22. Of the 12,308 claim forms received, 5,620 online web claims were denied by the settlement administrator because they were determined to have significant indicia of fraud, and 25 claims were duplicative or were withdrawn. *Id*. As of October 4, 2024, of the remaining 6,663 claim forms: 1,536 had been substantiated as complete/legitimate and 5,127 had been determined to be deficient. *Id*.

As of the deadline for requesting exclusion or to object to the settlement, i.e., September 21, 2024, one valid request for exclusion and two objections were received by the settlement administrator. *Id.*, ¶ 21.

The Court has carefully scrutinized the Settlement together with all exhibits and attachments thereto, and having considered Plaintiffs' Motion, the record in this matter, and the briefs and arguments of counsel, the Court finds that there is good cause to **GRANT** the Motion for the reasons set forth below.

## II. CLASS CERTIFICATION AND SETTLEMENT APPROVAL

Class Certification is proper when the proposed class meets all the requirements of Rule 23(a) and one or more subsections of Rule 23(b). Rule 23(a) requires: (1) numerosity, (2) commonality, (3) typicality and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)–(4). Rule 23(b)(3) requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

Additionally, the Court must determine that the settlement agreement is "fair, reasonable, and adequate" under Rule 23(e)(2). In so doing, the Court considers the

Eleventh Circuit's *Bennett* factors, which are substantially similar.[1] *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at *10 (N.D. Ga. Mar. 17, 2020) ("many [*Bennett*] considerations overlap those found in Rule 23(e)(2)"). Moreover, when a settlement is negotiated "[p]rior to formal class certification . . . higher level of scrutiny [is warranted] for evidence of collusion or other conflicts of interest." *Drazen v. Pinto*, 106 F.4th 1302, 1329 (11th Cir. 2024) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

A. **The Settlement Satisfies the Requirements of Rule 23(a) and (b)(3).**

The Court analyzed Rule 23(a)'s requirements in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. ECF No. 149 ¶ 8.

Rule 23(a)(1) is satisfied because the Class consists of up to 3.5 million individuals throughout the United States, and therefore joinder of all Class Members is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

---

[1] The *Bennett* factors include: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *See Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

Rule 23(a)(2) is satisfied because the central issues in this case concern common questions of fact: *i.e.*, whether there is a common defect in the Water Heater Connector and Defendants' knowledge and alleged omissions regarding the alleged defect. *See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1354 (11th Cir. 2009). ("Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.") These common questions will, in turn, generate common answers "apt to drive the resolution of the litigation" for the Class as a whole. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

The Plaintiffs' claims are coextensive with those of the absent Class Members, such that the typicality requirement of Rule 23(a)(3) is satisfied. *See Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (claims of named plaintiffs are typical of the claims of class where they "possess the same interest and suffer the same injury as the class members"). Here, Plaintiffs allege the existence of a common defect in the Water Heater Connector's rubber lining, and Plaintiffs each purchased a Water Heater Connector or owned or leased a home in which the Water Heater Connector was used. Plaintiffs' claims are therefore typical of the claims of absent Class Members because they were subjected to the same conduct and claim to have suffered from the same injuries.

Plaintiffs and their counsel also satisfy the adequacy-of-representation requirement under Rule (a)(4). Plaintiffs and absent Class Members have a coextensive

interest in obtaining the relief offered by the Settlement. Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class throughout this litigation. Further, Plaintiffs are represented by qualified and competent counsel with experience prosecuting class actions, who have devoted substantial time and resources to vigorous litigation of this action.

Finally, Rule 23(b)(3) is satisfied because the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs satisfy the predominance requirement because liability questions common to all Class Members substantially outweigh any possible issues that are individual to each Class Member. The evidence necessary to establish Plaintiffs' claims is common to both the Class Representatives and other members of the Class: they would all seek to prove that the Water Heater Connectors have a common defect, Defendants knew of the defect, and Defendants omitted or failed to warn consumers of the defect. Further, the evidence to establish liability would change little regardless of the number of plaintiffs in the class. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). Additionally, class action litigation is superior to other available methods of the fair and efficient adjudication of this controversy: there appears to be no other pending litigation concerning the Water Heater Connectors; the damages sought by each Class Member are small relative to the cost of prosecuting an

individual claim; and this Court has been competently handling this matter in a forum (Georgia) that is the home jurisdiction of both Defendants. *See Klay*, 382 F.3d at 1269. Manageability is not relevant here. *Amchem Prods.*, 521 U.S. at 620 ("a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there will be no trial.").

### B. The Settlement Satisfies Rule 23(e)(2).

Because the proposed Settlement satisfies Rules 23(a) and (b), the Court must next determine if the proposal is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). Rule 23(e)(2) states that a district court should approve a proposed settlement after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats Class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). The proposed Settlement satisfies each of the criteria under Rule 23(e)(2).

Rule 23(e)(2)(A) is satisfied. Plaintiffs and Class Counsel vigorously represented the Class through litigation, and then settlement negotiations, over the course of three years. Class Counsel defeated dispositive motions brought by each Defendant, conducted fulsome discovery to investigate the facts of the case, and retained appropriate experts to assist them in developing the claims and evaluating the defenses in the case. ECF No. 138-1 ¶¶ 7, 9-21; ECF No. 138-2 ¶¶ 10-25.

Rule 23(e)(2)(B) is satisfied, as the Settlement is the result of intensive, arm's-length negotiations between experienced attorneys who engaged in extensive, adversarial negotiations over several mediation sessions with an experienced retired federal judge from this District, the Honorable William Duffey. *See Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) ("The fact that the entire mediation was conducted under the auspices of . . . a highly experienced mediator, lends further support to the absence of collusion."); Adv. Cmte. Note ("involvement of a neutral…mediator…in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."). This Settlement was achieved in a procedurally fair manner and there is absolutely no evidence of collusion even when a higher level of scrutiny is applied. *See Drazen v. Pinto*, 106 F.4th 1302, 1329 (11th Cir. 2024) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("[p]rior to formal class certification . . . higher level of scrutiny for evidence of collusion or other conflicts of interest").

The Court also finds that the Settlement provides adequate relief to the Class Members, as required under Rule 23(e)(2)(C). Under the Settlement, all Class Members can receive up to two replacement Water Heater Connectors of the same type and size possessed by the Class Member per household or structure, regardless of whether the Water Heater Connector in place in their home or structure has yet failed. SA ¶¶ 37, 113. Alternatively, the Class Members can elect to receive a cash reimbursement of $15 per replacement Water Heater Connector (up to $30 per household or structure). SA ¶¶ 37, 113. No limit was placed on the number of Class Members that can submit a claim for a replacement Water Heater Connector. Considering the average retail price for a Water Heater Connector is greater than $15 and that there are approximately seven million Water Heater Connectors still in service, a conservative estimate of the value of this relief alone is $105 million. Additionally, those Class Members with proof of property damage resulting from a failed Water Heater Connector will be reimbursed for that property damage, including up to four hours of time spent remedying the problem. SA ¶¶ 15, 114.

The replacement remedy and other monetary benefits of the Settlement are substantial and more than adequate. All Class Members who submitted valid replacement remedy claims and selected cash payment will receive 100% of their claim. All Class Members who submitted valid damages remedy claims will also receive 100% of the amount claimed. This represents an extraordinary recovery for

Class Members, particularly when compared with other plumbing defect class actions. *See Trabakoolas v. Watts Water Techs., Inc.*, Case No. 12-cv-01172 (N.D. Cal.), ECF No. 284 at page 12 (25% recovery of claimed amount); *Klug v. Watts Regulator Company*, 8:15-cv-00061 (D. Neb.), ECF No. 153 at page 4 (25% recovery of claimed amount); *In re: Zurn Pex Plumbing Products Liability Litigation*, MDL No. 1958, 08-md-01958 (D. Minn.), ECF No. 246 at pages 6-7, ECF No. 253 at page 3 (60% recovery of claimed amount); *Ajose et al. v. Interline Brands Inc.*, Case No. 3:14-cv-01707 (M.D. Tenn), ECF No. 263 at page 6 (30% recovery of claimed amount).

The relief provided for the Class is also outstanding considering the costs, risk, and delay of trial and appeal. Defendants raised numerous defenses to liability and damages, and vigorously defended the case. If litigation continued, Defendants would certainly oppose class certification, challenge Plaintiffs' damages theories, and provide their own experts. Continued litigation would add expense and delay any recovery for years. Plaintiffs and Class Counsel appropriately determined that the Settlement reached with Defendants outweigh the risks of continued litigation. *See George v. Academy Mort'g Corp. (UT)*, 369 F. Supp. 3d 1356, 1371 (N.D. Ga. 2019) (settlement was a "fair compromise" given risks and "certainty of substantial delay").

Further, the Court finds that the methods of distribution and claims processing are effective. Fed. R. Civ. P. 23(e)(2)(C)(ii). Class Members received direct notice of the settlement claims process and benefits through the Court-approved Notice Plan

(postcard, email, and/or by a robust targeted media campaign). ECF No. 156-1 ¶¶ 11, 13, 20-23. Class Members had the ability to submit a Claim Form and supporting documents online or by mail. After reviewing a claim for completeness and eligibility, the settlement administrator will mail a check or send money electronically.

Moreover, even under a higher level of scrutiny the Settlement does not appear collusive in nature. The Parties did not negotiate Class Counsel's attorney's fees or Plaintiffs' service awards before reaching an agreement on the terms of relief for the Class, and no agreement on these issues was reached. *See Ingram*, 200 F.R.D. at 693 (finding settlement non-collusive where "the fee was negotiated separately from the rest of the settlement, and only after substantial components of the class settlement had been resolved"). There is no clear sailing provision and Defendants opposed Plaintiffs' request for attorneys' fees and costs. For the reasons set forth in a separate order, Plaintiffs' Motion for Fees and Costs is granted.

Finally, there are no undisclosed side agreements between the Parties, Fed. R. Civ. P. 23(e)(3), and the Settlement treats Class Members equitably, Fed. R. Civ. P. 23(e)(3)(D). Each Class Member can replace their Water Heater Connectors, either by choosing to receive a replacement hose or by accepting a cash reimbursement, plus each Class Member who suffered property damage can seek reimbursement for related repair costs.

### C. Adequate Notice Was Provided to Class Members.

The Court finds that notice was given to Class Members in the manner approved by the Court in its Preliminary Approval Order (ECF No. 149), and that the form and content of that Notice, and the procedures for dissemination thereof, afforded adequate protections to Class Members and satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances. The Court finds that the Notice (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances to apprise Class Members of the pendency of the Action and the terms of the Settlement, the right to exclude themselves from the Class or to object to all or any part of the Settlement, their right to appear at the Final Approval Hearing, and the binding effect of a final judgment, whether favorable or unfavorable, on those who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice, and (iv) fully satisfied the requirements of the United States Constitution.

On October 21, 2024, the Court held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and to consider the objections to the Settlement. The Court denies the objections to the Settlement and overrules them as without merit.

## III. CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1. The Court hereby **CERTIFIES** the Settlement Class and **GRANTS** the Motion for Final Approval of the Settlement for the reasons set forth herein. The Court fully and finally approves the Settlement in the form contemplated by the Settlement Agreement (ECF No. 147) and finds its terms to be fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23. The Court directs the consummation of the Settlement pursuant to the terms and conditions of the Settlement Agreement.

2. At their request, the individuals who sought exclusion from the Settlement Class on a timely and proper basis are excluded from the Settlement Class. Class Counsel shall submit a list of those individuals by _____, 2024.

3. The Court **CONFIRMS** the appointment of Tina Wolfson of Ahdoot Wolfson, PC, and Stephanie A. Casey of Colson Hicks Eidson PA, as Class Counsel.

4. The Court **CONFIRMS** the appointment of the Settlement Class Representatives named in the Settlement Agreement.

5. The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

6. The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released

Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

7. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

Accordingly, the Clerk shall enter a separate judgment consistent with the terms of this Order pursuant to Fed. R. Civ. P. 58. **IT IS SO ORDERED** this \_\_\_\_ day of _____, 2024.

_____
**HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**